|.CLAIBORNE, J.
This appeal presents a matter of first impression regarding the interpretation of recently amended La. R.S. 47:1998 A(l)(a).[2] Specifically, the issue presented concerns a determination of when a decision of the Louisiana Tax Commission becomes final so that it is subject to review by the district court. This matter comes to us on appeal from the district court’s judgment granting the defendant’s dilatory exception of prematurity and dismissing the plaintiffs suit. We reverse.
FACTS AND PROCEDURAL HISTORY
Plaintiff-Appellant, EOP New Orleans, L.L.C. (hereinafter “EOP”), is the owner of what is commonly known as the LL & E Tower located at 909 Poydras Street in New Orleans. Patricia Johnson, the Assessor for the First Municipal District of Orleans Parish (hereinafter “Assessor”), made an assessment of the value of this property in August 1999, setting the value at $62,220,000. EOP contested the Asses *389 sor’s valuation by filing an appeal with the Board of Review for Orleans Parish. The Board of Review subsequently set the fair market value of the property at $36,884,013. EOP was again dissatisfied with the determination of the property’s fair market value and filed an appeal with the Louisiana Tax Commission (hereinafter “tax commission”).
The tax commission authorized its staff appraiser to determine the fair market value of the property and set a hearing on the appeal for December 9, 1999. The staff appraiser determined the fair market value of the property to be $40,463,358. The tax commission rendered its decision and set the fair market value at $40,463,358. A copy of the decision was mailed to EOP on May 30, |32000. Both EOP and the Assessor were dissatisfied with the decision of the tax commission, and both sought judicial review.
On June 1, 2000, EOP filed a petition for judicial review of the tax commission’s decision in the Nineteenth Judicial District Court for the Parish of East Baton Rouge (hereinafter “19th JDC”) pursuant to La. R.S. 47:1998 and 47:2110. On June 9, 2000, while the suit in the 19th JDC was pending, the Assessor filed her petition for judicial review in the Civil District Court for the Parish of Orleans. La. R.S. 47:1998 A(l)(a) authorizes the filing of a suit to challenge the final decision of the tax commission to be made in the parish where the tax commission is domiciled (East Baton Rouge Parish) or the parish in which the property is located (Orleans Parish).
Neither party filed a request for a rehearing with the tax commission at any time.
The Assessor also filed exceptions of prematurity, unauthorized use of a summary proceeding, lis pendens, and forum non conveniens in the proceedings before the 19th JDC. After a hearing, the district court granted the Assessor’s exception of prematurity and dismissed EOP’s suit. The Assessor’s other exceptions were dismissed as moot and are therefore not before us. This appeal by EOP follows.
ASSIGNMENTS OF ERROR
In particularizing the manner in which EOP contends the district court erred by granting the Assessor’s exception of prematurity, EOP has set forth in its brief, four assignments of error, as follows:
1) A decision that the underlying tax commission ruling was not final is contrary to the stated purpose of the act which added the word “final” to the relevant statute.
2) That ruling is inconsistent with the definition of “final” decision in a related statute.
|43) The tax commission’s interpretation of the statute is that the time for appeal begins to run on the date of mailing of the tax commission’s decision.
4) The Administrative Procedure Act specifically provides that the time for appeal runs from the date of mailing of the decision in the absence of a petition for rehearing.
The basic issue raised by these assignments of error is whether or not EOP’s petition for judicial review filed in the 19th JDC was premature because it was filed before the ten-day period allowed for rehearing had run.
STANDARD OF REVIEW
The facts are not disputed with respect to the matter on appeal. Therefore, the question before this court is whether the district court correctly interpreted and applied the law. Appellate review of questions of law is simply a review of whether the district court was legally correct or *390 legally incorrect. Deville v. South Central Industries, Inc., 99-1377, p. 3 (La.App. 1st Cir.6/23/00), 764 So.2d 335, 337, writ denied, 2000-2619 (La.11/17/00), 774 So.2d 976; Zanders v. Golden Age Home Care Center, 97-0218, p. 3 (La.App. 1st Cir.12/29/97), 705 So.2d 296, 297.
DISCUSSION
The exception of prematurity is a dilatory exception intended to retard the progress of the action, not to defeat it. La. C.C.P. arts. 923, 926. The exception of prematurity raises the issue of whether the judicial cause of action has yet come into existence because some prerequisite condition has not been fulfilled. See Jones v. Hartford Insurance Co., 560 So.2d 442, 444-445 (La.1990); Girouard v. State Through Dept. of Education, 96-1076, p. 4 (La.App. 1st Cir.5/9/97), 694 So.2d 1153, 1155. The exception contemplates that the action taken by the petitioner has occurred prior to some procedure or assigned time, and it is usually utilized in cases wherein the applicable law or contract has provided a procedure for one aggrieved of a decision to seek relief before resorting to judicial action. | s Generally, all administrative remedies or specified procedures must be exhausted before the right to judicial review may be exercised. Ginn v. Woman’s Hospital Foundation, Inc., 99-1691, pp. 3-4 (La.App. 1st Cir.9/22/00), 770 So.2d 428, 431, writ denied, 2000-3397 (La.2/02/01), 784 So.2d 647.
The valuation of property for taxation purposes is governed by both constitutional and statutory provisions. Article VII, Section 18(D) of the Louisiana Constitution provides that each assessor is to determine the fair market value of all property subject to taxation in his parish or district. A right to request a review of the correctness of assessments by the assessor is provided for by Article VII, Section 18(E). Specifically, the Constitution provides for the correctness of these determinations to be reviewed first by the parish governing authority, then by the tax commission, and finally by the courts in accordance with procedures established by law.
The legislature has established the statutory procedures for review of the assessor’s determinations in Chapter 3, Part III of Subtitle III of Title 47 of the Louisiana Revised Statutes. Pursuant to La. R.S. 47:1992, the assessor must prepare the assessment lists and make them available for public inspection for fifteen days. If the taxpayer disagrees with an assessment, he may apply to the local board of review. The board of review will conduct public hearings on these complaints and issue its decision. A taxpayer or assessor dissatisfied with the decision of the board of review may apply for review to the tax commission.
La. R.S. 47:1989 A requires the tax commission to hold public hearings on the appeals filed by taxpayers or assessors within ten days of receipt of the assessment lists as certified by the local board of review. Any taxpayer or assessor dissatisfied with the decision of the tax commission may appeal to the district court within thirty days of the entry of the tax commission’s final decision. La. R.S. 47:1998 A; La. R.S. 47:1989 D(1).
| Jt is undisputed that EOP followed the appropriate administrative procedures in that it first went to the local board of review, and then to the tax commission in contesting the initial valuation made by the assessor. The issue of prematurity only arises as to the petition for judicial review filed by EOP in the 19th JDC.
La. R.S. 47:1998 A(l)(a) as amended by Louisiana Acts, No. 74, § 1, of the 1st Ex. *391 Session of 2000, effective April 17, 2000,[3] provides in pertinent part:
Any taxpayer or bona fide representative of an affected tax-recipient body in the state dissatisfied with the final determination of the Louisiana Tax Commission under the provisions of R.S. 47:1989 shall have the right to institute suit within thirty days of the entry of any final decision of the Louisiana Tax Commission in the district court for the parish where the Louisiana Tax Commission is domiciled or the district court of the parish where the property is located contesting the correctness of assessment. [Emphasis ours.]
The statute authorizes a right of judicial review over those decisions of the tax commission that are “final,” but it does not specify exactly when such decisions are considered final. The question of when a tax commission decision becomes final is central to the issue before this court. Because La. R.S. 47:1998 A(l)(a) does not define what constitutes the entry of a final decision, we must look to other statutory provisions.
La. R.S. 47:1989 governs the procedure for appealing decisions of the board of review to the tax commission. Paragraph D(l) of this statute provides:
All decisions by the tax commission are final unless appealed to the district court within thirty days.
Although this provision addresses the issue of the finality of a decision of the tax commission, it cannot refer to the type of finality contemplated by La. R.S. 47:1998 A(l)(a). According to the provisions of paragraph D(l) above, the filing of a petition for judicial review would prevent a tax commission decision from |7becoming final. Conversely, La. R.S. 47:1998 A(l)(a) requires that a decision be final before it may be appealed to the district court. Moreover, if a party wishing to appeal to the district court were to wait to appeal until the tax commission decision became final under the terms of La. R.S. 47:1989 D(l), the right to appeal would no longer exist because the time allotted for appeal would have already passed.
It is suggested by the Assessor that a conflict exists between these two statutes, La. R.S. 47:1998 A(l)(a) and La. R.S. 47:1989 D(l), and that therefore the latest enactment repeals the older. There is no merit to this argument, because the act which amended La. R.S. 47:1998 A(l)(a) also amended and reenacted La. R.S. 47:1989(D), and includes in full the text of subsection D(l), quoted above without change from its previous wording. See 2000 La. Acts, 1st Ex. Session, No.74, § 1, effective April 17, 2000.[4] Under these circumstances, we must infer that the legislature was aware of the wording of the act as a whole, and it becomes the duty of the court to reconcile any discrepancy which may appear.
We begin with the premise that the legislature did not intend to deprive the taxpayer of the right to seek judicial review of the tax commission’s decision. Such an act would violate the constitutional provisions previously cited. See La. Const. Art. VII, § 18 E.
La. R.S. 47:1989 C is also applicable to this matter, although its terms do not provide a definition of “final decision” of the tax commission. This provision has been interpreted previously to grant the tax *392 commission rule-making power over its hearings, and specifically over such issues as when a hearing is closed, and whether and when it may be reopened, reconsidered or reheard. Hibernia National Bank v. Louisiana Tax Commission, 94-0677, p. 4 (La.App. 1st Cir.3/3/95), 652 So.2d 662, 665.
| ^Pursuant to paragraph C of section 1989, the tax commission has promulgated rules that are found in the Louisiana Administrative Code, Title 61, Part V, Rule 3103, which govern appeals to the Louisiana Tax Commission and set forth the procedures that must be followed. Paragraph Q of Rule 3103 provides as follows:
The taxpayer/taxpayer agent and the assessor shall be notified in writing, either by facsimile transmission, certified mail or certificate of mailing, of the final decision by the Tax Commission. The dated facsimile transaction report or postmarked certificate of mailing shall serve as the date whereby the taxpayer/assessor shall have the right to institute suit within the 30-day prescription period. [Emphasis ours.]
This rule makes no mention of any decision of the tax commission other than the final decision of which the parties must be notified in writing. Therefore, it is clear that the tax commission considers the decision that it sends to the parties to be final for purposes of determining when the delays for applying for judicial review begin to run. While the tax commission cannot adopt rules in contravention of state statutes, we do not find that to be the case here.
Paragraph R of Rule 3103 authorizes the tax commission to grant a request for rehearing at its discretion provided the rehearing request is made in accordance with the Administrative Procedure Act (hereinafter “APA”). Pursuant to the APA, an agency decision in an adjudication proceeding is subject to rehearing, reopening, or reconsideration by the agency within ten days from the date of its entry.[5] La. R.S. 49:959 A. There is no requirement, however, that a party wishing to apply for judicial review must first apply to the agency for a rehearing. To the | ¡¡contrary, La. R.S. 49:964 A(l) recognizes that the right to judicial review exists whether or not the party has applied to the agency for rehearing.
La. R.S. 47:1998 A(l) establishes a thirty-day period for filing a suit contesting the correctness of the assessment. That period begins with the entry of any final decision of the tax commission. Entry has been defined as the ministerial act of recording a statement or a final decision reached by a court or a quasi-court in the matter before it. City of Lake Charles v. Lake Charles Fire Fighters Association, 183 So.2d 451, 453 (La.App. 3rd Cir.1966). It may consist of reducing the decision to writing and distributing it to those concerned. Paragraph Q of Rule 3103 quoted above provides that the dated facsimile report or postmarked certificate of mailing *393 shall serve as the date of such entry. The decision in the present case was dated, filed, and mailed on May 30, 2000.[6]
Pursuant to the provisions of La. R.S. 49:959 A and La. R.S. 47:1998 A(l)(a), the ten-day rehearing period and the thirty-day appeal period overlap. The thirty-day period begins to run from the date of entry of the final decision, not from the date of expiration of the time for rehearing. There is apparently no mechanism for an entry of the final decision after the period for requesting a rehearing has expired without such a request having been filed. If a party requests a rehearing timely, then the period for filing an appeal runs from the date of the decision on the rehearing.[7] If, as the Assessor suggests, the law required the rehearing delays to pass before a decision may be final, a party wishing to appeal would in effect have only twenty days to file for judicial review, without allowing any time between the entry of the decision and its receipt by the taxpayer. On the other hand, the |10taxpayer would have thirty days after a ruling on rehearing to file such a petition. There can be no reason for the difference. We are unable to discern a legislative intent to limit a party’s right to apply for judicial review in that manner.
The Assessor has argued that under the Hibernia case cited above, the APA does not apply to the tax commission for purposes of requests for rehearing. The Assessor’s reliance on this case is misplaced.
La. R.S. 49:967 A provides that the provisions of the APA apply to the tax commission unless otherwise specifically provided by law. The court in Hibernia determined that La. R.S. 47:1989 C authorized the tax commission to exercise its rule-making authority to establish its own procedures for its appeal hearings which could be contrary to those provided for in the APA. Specifically, the court found that the tax commission, under the authority of this statute, had promulgated its own rule concerning requests for a rehearing that allowed a different time period within which a party could apply for a rehearing than that provided for by the APA. Hibernia, 94-0677 at 4, 652 So.2d at 665.
The specific rule at issue in Hibernia provided that a rehearing request was timely “if such request is made before appeal...has been filed or the Commission’s decision has become final.” The court determined that under this rule, a tax commission decision was subject to rehearing for a longer period than simply the ten days provided by the APA, and that therefore, the APA was inapplicable to requests for rehearing before the tax commission.
The tax commission rule interpreted in Hibernia is no longer in effect. Contrary to that rule, current tax commission Rule 3103R provides that a party may apply for rehearing as long as the request is made in accordance with the APA. Therefore, it is clear that the APA now applies to applica *394 tions for rehearing before the tax commission.
In Pursuant to La. R.S. 47:1998 A(l)(a), the delay for applying for judicial review in this matter began to run on May 30, 2000,. the date on which the notice of the final decision of the tax commission was mailed. EOP and the Assessor had thirty days from that date to file a petition for judicial review of the tax commission’s decision absent a timely filed request for rehearing which may have extended the time for appeal. EOP’s petition for judicial review filed in the 19th JDC on June 1, 2000, was filed after the appeal delays began to run, and was therefore not premature. Accordingly, we reverse the judgment of the 19th JDC granting the Assessor’s exception of prematurity.
CONCLUSION
For the foregoing reasons, the judgment of the Nineteenth Judicial District Court granting the exception of prematurity and dismissing the petition filed by EOP New Orleans, L.L.C. is hereby reversed. This matter is remanded to the Nineteenth Judicial District Court for proceedings not inconsistent with this opinion. All costs of this appeal in the amount of $1,338.43 are assessed to the defendant, Patricia Johnson, Assessor for the First Municipal District of Orleans Parish, in her official capacity.
REVERSED AND REMANDED.

. We note that the proceedings before the tax commission in this matter began prior to April 17, 2000, the effective date of the amendments at issue. The legislature has not provided any direction as to whether or not these amendments are to be applied retroactively or only prospectively. We must therefore determine whether the enactment is substantive or procedural in nature. Cole v. Celotex Corporation, 599 So.2d 1058, 1063 (La.1992). It is our opinion that the amendments at issue are procedural in nature because they prescribe a method for enforcing a substantive right and relate to the form of the proceeding or operation of laws. Blanchard v. City of Parish of East Baton Rouge, Louisiana, et al., 95-2011, p. 10 (La.App. 1st Cir.1996), 674 So.2d 317, 323. Therefore, the amendments are to be applied retroactively and are applicable to the instant case. La. Civ.Code art. 6.

. Prior to this amendment, the statute simply provided for the right to institute suit within thirty days of the decision of the tax commission.

. The Assessor refers to “Act 63, Acts of Louisiana 2000,” but the citation is obviously in error.

. In the case of Crescent Real Estate Equities/1100 Poydras v. Louisiana Tax Commission, 2001-1434 (La.App. 1st Cir.9/28/01), 809 So.2d 394, another panel of this court reaches the same conclusion on the prematurity issue as we do. That opinion, however, states that "a request for rehearing of a tax commission decision can be undertaken through the entirety of the thirty-day time frame allowed for the taking of an appeal," citing Hibernia National Bank v. Louisiana Tax Commission, 94-0677 (La.App. 1st Cir.3/3/95), 652 So.2d 662. The tax commission rule relied on in Hibernia is no longer in effect. In the present case all parties agree that the time frame for applying for rehearing is ten days pursuant to La. R.S. 49:959 A.

. Additionally, La. R.S. 49:964 B provides in pertinent part:
Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon.

. While the statute does not set forth what procedure must be followed in the event a rehearing application is filed timely but after a timely suit for judicial review has been filed, we are not faced with that case now, and possibly it may never arise, given the tax commission's discretion to deny a rehearing request.