hTOBIAS, J.,
concurring.
I respectfully concur in the result.
La. R.S. 49:959A, part of the Administrative Procedure Act, states that “[a] decision or order in a case of adjudication shall be subject to rehearing, reopening, or reconsideration by the agency, within ten days from the date of its entry.” La. R.S. 49:967A, in pertinent part, states that: “Chapter 13 of Title 49 of the Louisiana Revised Statutes of 1950 [, the Administrative Procedure Act,] shall not be applicable to the Board of Tax Appeals, the Department of Revenue, with the exception of the Louisiana Tax Commission that shall continue to be governed by this Chapter in its entirety.... ” Thus, a party to a proceeding before the Louisiana Tax Commission has the right to request a rehearing of a decision of the Louisiana Tax Commission, provided that the request is made within ten days of the decision.
La. R.S. 47:1989D(1), was enacted by Acts 2000, 1st Ex. Sess., No. 74, and states that “All decisions by the tax commission are final unless appealed to the district court within thirty days.” La. R.S. 47:1989D(2), relative to the appeal of a Louisiana Tax Commission decision filed in the district court, prohibits an application for new trial or rehearing in the district court. La. R.S. 47:1998A(l)(a), indicates that one must “institute suit [i.e., appeal] within thirty days of the entry of Lany final decision of the Louisiana Tax Commission in the district court.” Acts 2000, 1st Ex. Sess., No. 74, added the word “final” to La. R.S. 47:1998A(l)(a).
La. R.S. 47:1989D(1) and La. R.S. 47:1998A(1)(a), as enacted and/or amended by Acts 2000, may manifest an intent by the legislature to supersede in part the provisions of La. R.S. 49:959A. One way to reconcile the conflict is to hold as the majority does in this case and our brethren on the First Circuit Court of Appeal did in EOP New Orleans, L.L.C. v. Louisiana Tax Commission, 2001-1452 (La.App. 1 Cir. 9/28/01), 809 So.2d 387. Another way, as advocated by the plaintiff-appellant, would be to hold that the thirty day period commences to run on the day following the deadline for applying for a rehearing pursuant to La. R.S. 49:959A if no rehearing is filed.
Although, I personally might be inclined to agree with the plaintiff-appellant that the addition of the word “final” to La. R.S. 47:1998A(l)(a) was intended to make it clear that the thirty day period commenced to run on the day following the deadline for filing an application for rehearing, much as the time delay for filing an appeal with a court of appeal commences to run only when the time delay for applying for a new trial lapses, I cannot say that harmonizing the law between circuits, i.e., following EOP, supra, is not warranted.
I do not, however, agree with the majority that the trial court was correct in sustaining the defendant-appellee’s exception of prescription. Obviously, the prescription which the defendant-appellee pled and the court sustained was intended to be liberative prescription. Liberative prescription is a “mode of barring of actions as result of inaction for a period of time.” La. C.C. art. 3447. But prescription is subject to interruption. See La. C.C. arts. 3462, et seq. An exception of prescription cannot be raised by a court on its own *335 motion; it must be specifically plead by a party. La. C.C.P. art. 927B. The thrust of defendant-|appellee’s3 exception of prescription is that the plaintiff-appellant filed suit in the Civil District Court after the time delays for filing same had lapsed under La. R.S. 47:1998. Thus, their exception is actually a motion to dismiss an appeal as untimely, and, therefore, the court is without jurisdiction to hear the matter. Since prescription can be interrupted, suspended, or even manipulated by the action of the parties, I do not find that the legislature ever intended to permit parties to extend for any reason the thirty day delay of La. R.S. 47:1998A(l)(a). I would therefore reverse the trial court’s sustaining of the exception of prescription. I would, however, affirm the decision of the trial court on the basis that the plaintiff-appellant filed suit untimely and thus the district court was without jurisdiction to entertain same.