hBAGNERIS, Judge.
The issue on appeal concerns a determination of when a decision of the Louisiana Tax Commission becomes final for prescription purposes. The trial court granted defendant’s peremptory exception of prescription and dismissed the plaintiffs suit. We affirm.

FACTS

Defendant, Panacon Partnership, is the owner of the Inter Continental Hotel located at 444 St. Charles Avenue, New Orleans, Louisiana in Orleans Parish. Plaintiff, Patricia A. Johnson, as the assessor of the First Municipal District for the Parish of Orleans (“Assessor”), made an assessment of the value of the Inter Continental property improvements for the 1996 tax year, setting the value at $28,210,026.00. Panacqn contested the Assessor’s valuation by filing an appeal with the Board of Review for Orleans Parish. The Board of Review agreed with the Assessor and set the fair market value of the property’s improvements at $28,210,026.00. Panacon filed an appeal with the Louisiana Tax Commission (“tax commission”) that reduced the fair tax assessment to $27,273,100.00. Thereafter, Panacon appealed to the Nineteenth Judicial District Court, which affirmed the tax commission’s assessment.
1 a Still dissatisfied with the tax commission’s assessment, Panacon appealed to the First Circuit Court of Appeal that reversed both the District Court and tax commission. The First Circuit remanded the case to the tax commission for a de novo hearing.
The tax commission held a hearing on remand on December 9, 1999. The tax commission rendered its decision on June 6, 2000, and determined a fair market value of the property to be $21,176,200.00. Neither party filed a request for a rehearing with the tax commission at any time.
On July 17, 2000, the Assessor filed a petition for judicial review of the tax commission’s decision in the Civil District Court for the Parish of New Orleans pursuant to La. R.S. 47:1998. On December 27, 2000, Panacon filed exceptions of res judicata, no right or cause of action, lack of subject matter jurisdiction, and prescription. After a hearing on February 16, 2001, the district court granted Panacon’s exception of prescription and dismissed the Assessor’s suit. The trial court found it unnecessary to address Panacon’s other exceptions due to its ruling that the petition was untimely. The Assessor now appeals this final judgment.

ASSIGNMENTS OF ERROR

The Assessor alleges that the trial court erred as a matter of law by: (1) granting the peremptory exception of prescription and dismissing the petition for judicial re *358 view; and (2) failing to overrule the exceptions of res judicata, no right of action or cause of action, and lack of subject matter jurisdiction.

STANDARD OF REVIEW

Appellate review of a question of law involves a determination of whether the lower court’s interpretive decision is legally correct. Sander v. Brousseau, 2000-0098 (La.App. 4 Cir. 10/4/00), 772 So.2d 709, 711 citing Phoenix Assur. Co. of New York v. Shell Oil Co., 611 So.2d 709 (La.App. 4 Cir.1992).

DISCUSSION

Before addressing the Assessor’s argument that the petition was timely filed, we feel compelled to address the Exception of No Right of Action that the defendants filed in the trial court on December 27, 2000. An Exception of No Right of Action is an appropriate procedural pleading to raise the question of whether the Assessor, in her official capacity only, has standing to seek judicial review of the Louisiana Tax Commission decision. Greenbriar Nursing Home, Inc. v. Pilley, 93-2059 (La.5/23/94), 637 So.2d 429, 434. Further, the exception of no right of action is peremptory and can be brought at any “state of the proceeding in the trial court prior to a submission of the case for a decision or for the first time in the appellate court if pleaded prior to a submission of the case for a decision if proof of the ground of the exception appears of record and even may be noticed by either the trial or appellate court of its own motion.” Lambert v. Donald G. Lambert Const. Co., 370 So.2d 1254, 1255 (La.1979).
La. R.S. 47:1998 provides for Judicial Review of Tax Commission decisions. Specifically, La. R.S. 47:1998A(1)(a) provides in part:
Any taxpayer or bona fide representative of an affected tax — recipient body in the state dissatisfied with the final determination of the Louisiana Tax Commission under the provisions of R.S. 47:1989 shall have the right to institute suit within thirty days of the entry of any final decision of the Louisiana Tax Commission in the district court. (Emphasis added)
According to the statute, only a “taxpayer” or “representative of an affected tax recipient body” has the right to petition for judicial review. However, the Assessor is neither a taxpayer nor a representative of the tax recipient Lbody. The representatives of the tax recipient body include the Director of Finance of the City of New Orleans, the Mayor and the City. Accordingly, we agree with the defendant that the City, not the Assessor in her official capacity, is the proper party to file a petition for judicial review from the Louisiana Tax Commission. Nonetheless, because our jurisprudence favors appeals, we feel it is necessary to address the Assessor’s argument on whether her petition filed in the district court was timely. See Turner v. Department of Health and Hospitals, 561 So.2d 721 (La.1990).
The Assessor alleges that every tax commission decision is subject to a thirty-day rehearing period. She argues that the tax commission issued its decision on June 6, 2000 and that the thirtieth and last day for requesting a rehearing was July 6, 2000. Further, she argues that the thirtieth day after that being a Sunday, the last day for an appeal was Monday, August 7, 2000. Thus, the petition filed on July 17, 2000, was timely filed. We find no merit to this argument. We find no law that sets the time for delay for a rehearing at thirty. Rather, La. R.S. 49:959A sets the delay at ten days.
This Court has recently addressed this same issue that involved the same parties in Patricia A. Johnson v. Louisi *359 ana Tax Commission and Panacon, A Louisiana Partnership, 2001-CA-0964 (La.App. 4 Cir. 1/16/02), 807 So.2d 329. Because of the reasons set forth in Johnson, 2001-CA-0964, we find that the thirty-day period for filing an appeal in the district court begins to run from the date of entry of the final decision, not from the date of expiration of the time for rehearing.[1] In this case, the tax [ ^commission decision was signed on June 6, 2000. Thus, pursuant to La. R.S. 47:1998A(1)(a), the time for applying for judicial review in this matter began to run on June 6, 2000. The Assessor had thirty days from that date to file a petition for judicial review of the tax commission’s decision absent a timely filed request for rehearing. The Assessor did not file a request for rehearing. Thus, the Assessor’s petition for judicial review filed on July 17, 2000 is untimely and has prescribed.
Accordingly, we affirm the judgment of the trial court.

AFFIRMED.

TOBIAS, J., concurs.

. Entry has been defined as a ministerial act of recording a statement of a final decision reached by a court or a quasi-court in the matter before it. EOP New Orleans, L.L.C. v. Louisiana Tax Com’n, 2001-1452, p. 3 (La. App. 1 Cir. 9/28/01), 809 So.2d 387, 389, citing City of Lake Charles v. Lake Charles Fire Fighters Association, 183 So.2d 451, 453 (La.App. 3 Cir.1966).