hTOBIAS, J.,
concurs in the result and assigns reasons.
I respectfully concur in the result reached by the majority.
Although I agree that Johnson v. Louisiana Tax Commission, 2001-0964 (La. App. 4 Cir. 1/16/02), 807 So.2d 329, and Johnson v. Louisiana Tax Commission, 2001-1445 (La. App. 4th Cir. 1/16/02), 807 So.2d 356, hold that the assessor is not the proper party plaintiff to file a petition for judicial review of a decision of the Louisiana Tax Commission, I find those decisions to be in error on that point. Both deci *1153 sions overlook the language contained m La. R.S. 47:1998C which provides:
The assessor shall bring suit, when necessary to protect the interest of the state, and shall have the right of appeal and such proceedings shall be without cost to him or the state.
The ad valorem property taxes in the city of New Orleans and parish of Orleans consist of not only of taxes for local governmental bodies, such as the city and the school board, but also state public bodies such as the Board of Commissioners of the Orleans Levee District. Accordingly, I find that Ms. Johnson had the statutory authority to bring the present suit.
Having said that, I find that the trial court erred in overturning the decision of the Louisiana Tax Commission, which did no err in overturning the Board of | .¿Review and the assessor’s determination of the appropriate value of the subject property.