ROLAND L. BELSOME, Judge.
 

 | Appellant, Nancy Marshall, appeals the trial court’s grant of Appellee’s exception of prescription. We find that Appellant’s claim was prescribed pursuant to La. R.S. 47:1998 and affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Appellant, Nancy Marshall, the Assessor for the Sixth Municipal District for the Parish of Orleans, assessed the value of various properties owned by Defendants-Appellees in 2008, the results of which were available for public inspection for
 
 *1136
 
 fifteen days thereafter. Appellees timely sought review of Appellant’s assessments for the 2008 tax year with the Orleans Parish Board of Review, which unanimously found in favor of Appellees and determined that the 2008 assessments should be modified.
 

 Appellant Marshall subsequently made a timely appeal to the Orleans Parish Board of Review’s decision to the Louisiana Tax Commission (“LTC”), who utilized an independent certified property appraiser. After a hearing on February 26, 2008, the LTC made its own determinations on June 10, 2008 for the fair market value of the properties. On June 10, 2008, the LTC found that Appellant Marshall’s assessments required modification and upheld the calculations of the |2Orleans Parish Board of Review. The June 10, 2008 decision of the LTC stated: “This order shall be effective upon the date of issuance.” Appellant Marshall did not seek a rehearing of this determination.
 

 Instead, Appellant appealed the LTC’s decision by filing suit on September 8, 2008, naming property owner Appellees as Defendants. In response, Appellees filed,
 
 inter alia,
 
 exceptions of prescription, arguing that the appeal was prescribed pursuant to La. R.S. 47:1998, as Appellant had thirty days from June 10, 2008 to appeal the LTC’s Order. After a hearing on May 15, 2009, the trial granted the exception of prescription on May 21, 2009, deeming the other exceptions moot. This appeal followed.
 

 STANDARD OF REVIEW
 

 A trial court’s ruling on an exception of prescription is reviewed under the manifest error/clearly wrong standard.
 
 Davis v. Hibernia National Bank,
 
 98-1164, p. 2 (La.App. 4 Cir. 2/24/99), 732 So.2d 61, 63. The manifest error inquiry is not whether the trial court was right or wrong, but whether its determinations were reasonable.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989);
 
 Turnbull v. Thensted,
 
 99-0025, p. 5 (La.App. 4 Cir. 3/1/00), 757 So.2d 145, 149. If the trial court commits an error of law, however, the applicable standard of review is
 
 de novo. Edwards v. Pierre,
 
 08-0177 (La.App. 4 Cir. 9/17/08), 994 So.2d 648, 656.
 

 DISCUSSION
 

 Appellant assigns two errors for our review: first, that the trial court erred in finding that the time period for appealing the Louisiana Tax Commission’s decision was within thirty days of the date of the order, pursuant to La. R.S. 47:1998, rather than thirty days from the date she received the decision in the mail, Las provided by La. Admin. Code tit. 61 § 3103(U); and second, that the trial court erred in failing to apply the Louisiana Administrative Code.
 

 With regard to the proper procedure for appealing final determinations of the Louisiana Tax Commission, La. R.S. 47:1998 provides, in pertinent part:
 

 Any taxpayer or bona fide representative of an affected tax-recipient body in the state dissatisfied with the final determination of the Louisiana Tax Commission under the provisions of R.S. 47:1989 shall have the right to institute suit within thirty days of the entry of any final decision of the Louisiana Tax Commission in the district court for the parish where the Louisiana Tax Commission is domiciled or the district court of the parish where the property is located contesting the correctness of assessment.
 

 La. R.S. 47:1998(A)(l)(a)(emphasis added).
 
 [1]
 
 Thus, Appellant argues that al
 
 *1137
 
 though the order was issued on June 10, 2008, and suit was not filed until September 8, 2008, it was nevertheless timely because it was filed within thirty days of August 8, 2008, relying upon La. Admin. Code tit. 61 § 3103(U).
 
 [2]
 
 August 8, 2008 is the date that Appellant alleges correspondence regarding the LTC’s June 10, 2008 Order was received.
 

 Appellant’s argument that the Administrative Code takes precedence over the Louisiana Revised Statutes must fail, as the Louisiana Supreme Court has held that “an administrative construction cannot be given effect where it is contrary •to or inconsistent with legislative intent.”
 
 Jurisich v. Jenkins,
 
 1999-0076, p. 8 (La.10/19/99), 749 So.2d 597, 602. Likewise, “[a]n administrative construction cannot have weight where it is contrary to or inconsistent with the statute.”
 
 Jurisich v. Jenkins,
 
 1999-0076, p. 8, 749 So.2d at 602
 
 (quoting Traigle v. PPG Indus., Inc.,
 
 332 So.2d 777, 782 (La.1976)). Specifically, “the tax commission cannot adopt rules in contravention of state statutes.”
 
 EOP New Orleans, L.L.C. v. Louisiana Tax Commission,
 
 2001-1452, p. 8 (La.App. 1 Cir. 9/28/01), 809 So.2d 387, 392.
 

 In this case, it is not asserted, nor did the trial court find, that either the language of La. R.S. 47:1998 or the wording of the LTC’s Order was ambiguous or unclear; accordingly, no further interpretation is required.
 
 See ABL Management v. Board of Supervisors,
 
 2000-0798, p. 5-7 (La.11/28/00), 773 So.2d 131, 135. If the Legislature had intended to incorporate a certified mail receipt requirement into the statute, the Legislature could have simply inserted it in one of the numerous amendments to La. R.S. 47:1998; yet, such a provision is notably absent from the language pertaining to the time delay for an appeal.
 
 [3]
 
 Pursuant to the plain wording of La. R.S. 47:1998 and the Order itself, the June 10, 2008 Order became effective on that date.
 
 [4]
 
 Appellant failed to appeal or seek a rehearing of that order within thirty days pursuant to La. R.S. 47:1998; thus, it became final on July 10, 2008, nearly two months before Appellant filed suit.
 
 [5]
 

 Nevertheless, Appellant also makes the argument that, without one su
 
 *1138
 
 perseding the other, when read together, La. R.S. 47:1998 and La. Admin. Code tit. 61 § 3103(U) combine to allow for thirty-days from receipt of correspondence | ^regarding the LTC’s Order, because La. R.S. 47:1998 does not specifically define “entry” or “final decision.” This argument, however, must also fail. “Entry has been defined as a ministerial act of recording a statement of a final decision reached by a court or a quasi-court in the matter before it.”
 
 Johnson v. Louisiana Tax Commission,
 
 2001-1445, p. 5 (La.App. 4 Cir. 1/16/02), 807 So.2d 356, 359, n. 1
 
 (citing EOP New Orleans, L.L.C. v. Louisiana Tax Commission,
 
 2001-1452, p. 9 (La.App. 1 Cir. 9/28/01), 809 So.2d 387, 392). “[W]hen a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written.”
 
 ABL Management v. Board of Supervisors,
 
 2000-0798, p. 6, 773 So.2d at 135. “It is presumed that every word, sentence or provision in the statute was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used.”
 
 Id.
 
 Accordingly, because La. R.S. 47:1998, which makes no reference to receipt of the Order by mail, is controlling under these facts and circumstances, the LTC’s final decision was plainly “entered” on June 10, 2008.
 
 [6]
 

 Appellant’s arguments also fail pursuant to this Court’s decision in
 
 Johnson v. Louisiana Tax Commission,
 
 which held that date an LTC decision is signed begins the running of the 30-day appeal period.
 
 Johnson v. Louisiana Tax Commission,
 
 2001-1445, p. 5, 807 So.2d at 359. In
 
 Johnson,
 
 this Court affirmed a taxpayer’s exception of prescription pursuant to La. R.S. 47:1998 because the Assessor’s petition was not filed within thirty days of signing, or entry, of the LTC’s final decision.
 
 Id.
 

 |fiThe LTC decision at issue in
 
 Johnson
 
 was signed on June 6, 2000; therefore, this Court specifically held that “pursuant to La. R.S. 47:1998(A)(1)(a), the time for applying for judicial review in this matter
 
 began to run on June 6, 2000,”
 
 and “[t]he Assessor had thirty days from that date to file a petition for judicial review of the tax commission’s decision absent a timely request for a rehearing.”
 
 Id.
 
 (emphasis added). The Assessor in
 
 Johnson,
 
 like Appellant in this case, did not file a request for a rehearing.
 
 See id.
 
 Implicit in this Court’s determination that the time for applying for judicial review begins to run on the date the LTC decision is signed is the finding that an LTC’s decision is “entered” on that date.
 
 See id.
 
 Therefore,
 
 Johnson
 
 is directly applicable to the facts of the instant case.
 

 Appellant’s reliance on
 
 EOP New Orleans L.L.C. v. Louisiana Tax Commission
 
 is misplaced.
 
 EOP
 
 considered whether the Appellant’s petition for judicial review was premature because it was filed prior to the expiration of the ten-day period allowed for a rehearing.
 
 EOP New Orleans L.L.C. v. Louisiana Tax Commission,
 
 2001-1452, p. 4 (La.App. 1 Cir. 9/28/01), 809 So.2d 387, 389. While
 
 EOP
 
 found that La. Admin. Code tit. 61:3103 did not conflict with La. R.S. 47:1998 or 49:964 for the specific purpose of determining whether Appellant’s petition was premature,
 
 EOP
 
 did not stand for the broad general proposition that La. R.S. 47:1998 and La. Admin. Code tit. 61:3103 are compatible in all respects.
 
 See id.
 

 Therefore, pursuant to the plain language of La. R.S. 47:1998 and
 
 Johnson v. Louisiana Tax Commission,
 
 2001-1445, p.
 
 *1139
 
 5, 807 So.2d at 359, Appellant’s claim Ivprescribed on July 10, 2008.
 
 [7]
 
 The trial court properly granted Appellees’ exceptions of prescription.
 

 CONCLUSION
 

 For the foregoing reasons, we find that the trial court did not err in applying La. R.S. 47:1998. The trial court’s judgment is hereby affirmed.
 

 AFFIRMED.
 

 [1]
 

 .
 
 See also
 
 La. R.S. 47:1989(D)(1)(providing that "[a]ll decisions by the tax commission
 
 *1137
 
 are final unless appealed to the district court within thirty days”).
 

 [2]
 

 . Title 61 provides, in pertinent part:
 

 The parties to an appeal shall be notified in writing, by certified mail, of the final decision by the commission. The taxpayer or assessor shall have 30 days from receipt of the Order to appeal to a court of competent jurisdiction.
 

 [3]
 

 . Amended by Acts 1980, No. 601, § 1, eff. July 23, 1980; Acts 1982, No. 609, § 1; Acts 1986, No. 540, § 1; Acts 1988, No. 588, § 1, eff. July 14, 1988; Acts 1988, No. 719, § 1; Acts 1995, No. 53, § 1, eff. July 1, 1995; Acts 1995, No. 272, § 1, eff. July 1, 1995; Acts 2000, 1st Ex.Sess., No. 74, § 1, eff. April 17, 2000; Acts 2001, No. 1149, § 1; Acts 2004, No. 461, § 3, eff. July 1, 2006; Acts 2006, No. 390, § 1; Acts 2009, No. 511, § 1. Additionally, prior to the April 17, 2000 amendment, the statute had previously provided simply for the right to bring suit within thirty days of the decision of the tax commission.
 
 See EOP New Orleans, L.L.C. v. Louisiana Tax Commission,
 
 2001-1452, p. 6 (La.App. 1 Cir. 9/28/01), 809 So.2d 387, 390, n. 3.
 

 [4]
 

 . As part of the opposition to Appellees' exceptions, Appellant attached an affidavit from the Chief Deputy Assessor for the Sixth Taxing District which stated that the August 7, 2008 correspondence enclosed LTC orders from July 9, 2008, regarding three properties, as well as June 10, 2008. This is of no moment, however, as all parties to this appeal retain addresses listed on the affidavit as part of the LTC's June 10, 2008 Orders.
 

 [5]
 

 . Notably, Appellant did not cite to the Administrative Code in the petition and appeal from the Louisiana Tax Commission, and raised no other procedural basis for the lawsuit other than La. R.S. 47:1998 and La. R.S. 47:2321.
 

 [6]
 

 . Entry is defined by Black's Law Dictionary as "[t]he placement of something before the court or on the record.”
 
 Black’s Law Dictionary
 
 554 (7th ed. 1999).
 

 [7]
 

 . Appellant also references Hurricane Gustav, which struck Louisiana on or about September 1, 2008 and resulted in several court closures, in support of the argument that prescription had not accrued. Appellant’s cause of action had prescribed, however, prior to September 1, 2008.