DENNIS R. BAGNERIS, SR., Judge.
| Appellant, Erroll G. Williams, in his capacity as Assessor of the Parish of Orleans, State of Louisiana (Assessor), appeals the trial court’s grant of the exception of prescription/untimeliness of Hotel Ambassador ÑOLA, LLC (Taxpayer). *1226 Finding that the Assessor timely filed his Petition for Judicial Review and Appeal of the Decision of the Louisiana Tax Commission, we reverse the judgment and remand the matter to the trial court for proceedings consistent with this opinion. -
FACTS AND PROCEDURAL HISTORY
The Taxpayer owns property located at 415 Lafayette Street in New Orleans, Louisiana that operates as the Ambassador Hotel. The Assessor made an assessment of the value.of the subject property for the 2014 tax year, The Taxpayer sought review of the Assessor’s valuation to the Orleans Parish Board of Review (the “Board”). The Board agreed with the Taxpayer and determined the Assessor’s valuation should be modified. The Assessor appealed the decision of the Board to the Louisiana Tax Commission (Tax Commission).
(pThe Tax Commission rendered a “Deci-sión and Order of the Commission” on February 10, 2015, that was adverse to the Assessor. The decision specified that it. “shall be effective upon .the date of issuance.” A true copy of the document was certified in the Tax Commission’s file on February 18, 2015. The certified letter transmitting the decision :to the Assessor and the Taxpayer was also dated February 18, 2015. The letter, written by the Assistant Director of the Tax Commission, stated that a copy of the final decision was enclosed and advised the parties of .their right to institute suit pursuant to La. R.S. 47:199s,[1] if either party was dissatisfied with the action of the Tax Commission.
The Assessor filed an appeal of the Tax Commission’s decision to the district court on March 18, 2015. In response, the Taxpayer filed exceptions of prescription/untimeliness, no cause/right of action, lack of subject matter jurisdiction, and improper venue. The Taxpayer’s exception of prescription/untimeliness contended the Assessor’s petition was untimely because the Tax Commission’s decision was made on February 10, 2015, while the Assessor’s suit was not filed until March 18, 2015, which the Taxpayer claimed • was more than 30 days beyond the period La. R.S. 47:1998 requires for a timely appeal. The Assessor’s opposition argued that the petition was timely because it was filed within thirty days of February 24, 2015, the date the. Assessor’s Office factually received notice of the decision and/or within thirty days, of February 18, 2015, the date the decision was purportedly mailed.
After a hearing, the trial-court sustained the Taxpayer’s exception of prescription/untimeliness and deemed the other exceptions moot. In granting the exception, the trial court opined:
“I’m going to grant the Exception of Prescription. And let’s get a decision from the Fourth Circuit so that it’s definitive as to when it is, the date of entry or the date of notice. Because I think this issue could possibly come up again. There needs to be clarity on that. So I’m going to do that.”
Thereafter, the Assessor filed a Motion for New Trial. The new trial motion contained an affidavit from the Tax Commis-siori'which attested that the' Tax Comm’is *1227 sion mailed its decision on March 3, 2015 and that the return receipt showed the Assessor received the decision on March 5, 2015. The trial court denied the Assessor’s request for a new trial.
This appeal followed.
ASSIGNMENTS OF ERROR
The Assessor raises the following assignments of error:
1. The District Court erred in 'sustaining the Taxpayer’s exception of prescription/untimeliness;
The District Court erred in dismissing with prejudice, Assessor Williams’ petition for judicial review and appeal of the decision of the. Tax Commission;. ’
|43. The District Court erred in denying Assessor Williams’ motion for a new trial;
4. The District Court erred in finding that, the thirty (30) day appeal of a decision of the Tax Commission commences to run from the date specified on the decision regardless of when the litigants are notified of the decision; and
5. The District Court erred in failing to find that the thirty (30) day appeal period from an adverse decision of the Tax Commission commences to run from the date on which the notice of the decision and order of the Tax Commission was mailed.
STANDARD OF REVIEW
' Collectively, the Assessor’s assignments of error allege the trial court committed an error of law when it granted the Taxpayer’s exception of prescription/untimeliness. Appellate reviéw of a question of law involves a determination of whether the lower court’s interpretive decision is legally correct. Johnson v. Louisiana Tax Commission, 2001-0964, p. 2 (La.App. 4 Cir. 1/16/02), 807 So.2d 329, 331.
LAW/DISCUSSION
The record establishes the following relevant • facts: 1) the Decision And Order of the Tax Commission is made on February 10, 2015; 2) a true copy of the Decision is noted in the Tax Commission’s files on February 18, 2015; and on the same date, the Assistant Director of the Tax Commission writes a certified letter to Ifithe Taxpayer and the Assessor which encloses the decision and advises the parties of their appeal rights pursuant to'La. R.S. 47:1998;- and 3) on March 18, 2015, the Assessor files a review petition to the district court. The parties agree that the procedure to timely appeal decisions of the Tax Commission to the district ■ court is controlled by La. R.S. 47:1998 A, which gives a party the right to institute suit within thirty days of entry of any final decision of the Tax Commission. Therefore, the issue in dispute and what this Court must decide is whether the thirty days from, entry of judgment to file an appeal commences from the date the Tax Commission’s decision was signed as put forth by the Taxpayer or the date the decision was mailed as argued by the Assessor.
Relevant to our discussion are four cases, EOP New Orleans, L.L.C. v. Louisiana Tax Commission, 2001-145 (La.App. 1 Cir. 9/28/01), 809 So.2d 387 (“EOP New Orleans"); Marshall v. Maynard, 2009-1132 (La.App. 4 Cir. 3/24/10), 35 So.3d 1134 (“Maynard ”); Johnson v. Louisiana Tax Commission, 2001-1445, p. 5 (La.App. 4 Cir. 1/16/02), 807 So.2d 356, 359 (“Johnson II ”); and Johnson v. Louisiana Tax Commission, 2001-0964, p. 2 (La.App. 4 Cir. 1/16/02), 807 So.2d 329, 331 (“Johnson I”).
*1228 In EOP New. Orleans, the First Circuit held that “[p]ursuant to La. R.S. 47:1998 A(l)(a), the delay for applying for judicial review ... began to run on ... the date on which the notice of the final decision of the tax commission was mailed ... [and that] EOP and the Assessor had thirty days from that date to file a petition for judicial review of the tax commission’s decision absent a timely filed request for rehearing which may have extended the time for appeal.” (Citing City of Lake Charles Fire Fighters Association, 183 So.2d 451, 453 (La.App. 3rd Cir.1966). EOP New Orleans defined entry of judgment as the “ministerial act of | (¡recording a statement or a final decision reached by a court or a quasi-court in the matter before it.” The decision added that it may consist of reducing the decision to writing and distributing it to those concerned. The facts showed the Tax Commission’s decision was signed, dated, and mailed on the same date. The court reasoned that pursuant to La. R.S. 47:1998 A, the delay for applying for judicial review began to run on May 30, 2000, the date that the Tax Commission mailed the final decision.
In Maynard, this Court held that the Louisiana Administrate Code, specifically, La. Admin. Code tit. 61 § 3103(U), did not supplant state law (La.47:1998) because La. R.S. 47:1998 does not specifically define “entry” or “final decision.” Id. p. 5, 35 So.3d at 1138; see Jurisich v. Jenkins, 99-0076, p. 8 (La.10/19/99), 749 So.2d 597, 602. Our ultimate conclusion was that “pursuant to the plain language of La. R.S. 47:1998 and [,Johnson [II]], Appellant’s claim prescribed on July 10, 2008. The trial court properly granted Appellees’ exceptions of prescription.” Maynard, pp. 6-7, 35 So.2d 1138-39 [footnote omitted].
Johnson II defined an entry of judgment as “a ministerial act of recording a statement of a final decision reached by a court or a quasi-court in the matter before it.” It referenced that implicit in La. R.S. 47:1998 is that the time for judicial review began to run on the date that the Tax Commission’s decision was signed, finding that the Tax Commission’s decision was signed, finding that the Tax Commission’s decision is “entered” on the date of signing. That is, the date a Tax Commission’s decision is signed begins the running of the 30-day appeal period for filing an appeal. Specifically, we stated: “[T]he thirty-day period for filing an appeal in the district court begins to run from the date of entry of the final [ 7decision, not from the date of expiration of the time for rehearing.” We affirmed the taxpayer’s exception of prescription pursuant to La. R.S. 47:1998 because the Assessor’s petition was not filed within thirty days of signing, or entry, of the LTC’s final decision. Id.[2]
The Taxpayer in the present matter relies primarily on Maynard. Accordingly, premised on Maynard’s outcome, the Taxpayer reiterates that the Assessor’s suit is untimely because it was filed more than thirty days after February 10, 2015, the date the decision was signed.
The Assessor counters that the neither the Maynard nor the Johnson II decisions mandate that the thirty-day appeal period starts exclusively from the date the decision is signed, rather than the date of mailing. He suggests that a careful review of those decisions, along with EOP New Orleans and Johnson I establish that the thirty day appeal period may also begin to run from the date of mailing. Based upon our scrutiny of the jurispru *1229 dence cited herein and the applicable Louisiana Administrative Code Provisions, this Court agrees with the Assessor.
First, we note that while Maynard, Johnson I, and Johnson II each dealt with the timeliness of the Assessor’s appeal, they are distinguishable from the facts of the present matter. In none of those cases was suit filed within thirty days of mailing of the decision nor were the courts asked to consider whether the date of mailing started the time delays to request appellate review.
The seminal issue decided by Maynard was that the statutory provisions of La. R.S. 47:1998 which give a party a thirty-day period to appeal after entry of the Tax Commission’s final decision and supersede the Administrative Code’s [ 8provisions which allows an appeal within thirty days of receipt of notice. Hence, where the evidence in that matter showed that the Tax Commission’s decision was signed on June 10, 2008 and the Assessor did not institute suit until September 30, 2008, the Assessor’s suit was untimely.
Both Johnson I and Johnson II contained the same parties and the same facts. The Assessor argued her appeal was timely because the time to file an appeal did not begin until the time to request a rehearing had lapsed. Each decision determined that where the Assessor had failed to request a rehearing, the appeal process commenced thirty days after judgment was entered. Accordingly, the Assessor’s appeal was not timely when the appeal was filed on July 17, 2000 and the Tax Commission’s judgment was signed on June 6, 2000.
This Court acknowledges that both Maynard and Johnson I equated the signing of judgment with the entry of judgment. Of note, however, is that each relied on EOP New Orleans to define “entry of judgment” and that upon application of its own definition of entry of judgment, the EOP New Orleans decision concluded that the time delays to file an appeal commenced from the date of mailing.
EOP New Orleans considered whether the delay for applying for judicial review began on the day the Tax Commission’s judgment was entered or after the ten-day period allowed for a rehearing had run. Johnson II also cited EOP New Orleans. In finding that the entry of judgment started the time period to institute suit for an appeal, it agreed with EOP New Orleans’ “well-reasoned” opinion that La. R.S. 47:1998 A(l)(a) provided that the delay for applying for judicial review began to run on the date on which the notice of the Tax Commission’s final decision was mailed, citing Johnson I.
| nClearly, dependent upon the facts of each case, our jurisprudence has interchangeably found entry of judgment includes the date of signing and/or the date of mailing for purposés of deciding whether an appeal was timely filed. These fluid findings underscore that La. R.S. 47:1998 contains no fast and hard definition of entry of judgment. Therefore, we look to established Louisiana statutory and jurisprudential authority to supply a definition that comports with the facts and issues raised in the. matter before us and to establish a rule of law that clarifies any and. all inconsistencies and comports with due process of law.
This Court agrees with Maynard that our Louisiana Revised Statutes, in particular, La. R.S. 47:1998, take precedence over the Administrative Code. However, as referenced, La. R.S. 47:1998 provides no specific definition for entry of judgment. Accordingly, entry of judgment may be the date of signing as decided by Maynard. Similarly, it may also include the date of distribution or the date of mailing of the *1230 judgment as discussed in EOP New Orleans.[3] ‘Unlike Maynard, in the instant case, this Court finds no conflict between the Assessor’s argument that the definition of entry of judgment means the date of mailing of a copy- of the Tax Commission’s decision to the parties.
A closer analysis of the Tax Commission’s Decision and Order re-enforces this position. The judgment provides the “Decision [a]nd Order Shall be effective upon the .date of issuance.”- We find this verbiage- supplies sufficient latitude to equate the date of issuance, that is, the date of mailing with the date the judgment is entered into the record.
| (pFurther scrutiny of the Decision and Order also shows the Tax Commission stamped the Decision and Order with “A True Copy Of A Document In Our Files” notation on February 18, 2015. This action suggests that the Tax Commission entered, the decision into its own records on that date, ..the same date that the Tax Commission wrote the Decision and Order transmittal letter to the Assessor.
Existing jurisprudence from this circuit has defined entry of judgment as the date of mailing or the date of signing. Neither case‘law nor statutory authority expressly restricts the date of mailing from being considered the date of entry of judgment when the appeal was instituted within thirty days of mailing. Moreover, the language of the Decision and Order suggests the date of mailing may be the date of entry of judgment; thus, the date the decision is mailed is the date the decision becomes effective. Accordingly, we hold that the entry of judgment is the date of mailing of a copy of the written decision of the Tax Commission, thereby reconciling any inconsistencies in our jurisprudence.
CONCLUSION
The facts show that the Tax Commission wrote a transmittal letter to the Taxpayer and the Assessor bn February 18, 2015; that an affidavit attached to the Assessor’s Motion for New Trial attested that the Tax Commission mailed its final decision on March 3, 2015; and that the Assessor filed his petition for judicial review on March 18, 2015. Based on either February 18, 2015 or March 3, 2015, the Assessor instituted suit -within thirty days of mailing. Accordingly, we find the Assessor’s suit was timely and reverse the decision of the trial court holding to the contrary. We therefore pretermit discussion- of the Assessor’s other assignments of error.
[nBased on the foregoing, the judgment of the district court is reversed and the matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED
LANDRIEU, J., concurs with reasons.

. La. R.S. 47:1998 A(l)(a) provides in part that: ‘.‘Any taxpayer or bona fide representative of an affected tax-recipient body in the state dissatisfied with the final determination of the Louisiana Tax Commission under the provisions of R.S, 47:1989 shall have the right ; to institute suit within thirty days of the entry of any final decision of the Louisiana Tax Commission in the district.court for the parish where the Louisiana Tax Commission is domiciled or the district court of the parish where the property is located contesting the correctness of assessment."

. We note that the reference to the concurrence in Johnson II should have referenced the concurrence in Johnson I.

. We also note that other statutory authority, ' such as La. C.C.P. arts.1913, 2087(A)(2) and 2123(A)(2), provide in part that the time delays for appellate review begin with the mailing of the notice of judgment.