WILLIAMS, J.
I,The appellant, Halliburton Energy Services, Inc., seeks review of a judgment granting exceptions of prescription filed by the tax assessor and the sheriff of Bossier Parish. The district court found that appellant’s appeal of the tax assessment was untimely because the petition for judicial review was not filed within 30 days of the entry of the decision of the Louisiana Tax Commission. For the following reasons, we hereby reverse and remand.
*386 FACTS
Halliburton Energy Services, Inc. (“Halliburton”) owns property in Bossier Parish that is subject to ad valorem taxation, For tax years 2012 and 2013, Halliburton paid the taxes and filed protests with the Bossier Parish Board of Review appealing the correctness of the property assessment by Bossier Parish Assessor Bobby Edmi-ston (“the Assessor”). After the Board of Review denied its claim, Halliburton appealed the assessment to the Louisiana Tax Commission (“Commission”),
The Commission held a hearing in July 2014. Thereafter, on February 24,, 2015, the Commission rendered a written decision granting partial relief to Halliburton. The ruling was signed by the individual members of the Commission and stated, “This Decision and Order shall be effective upon the date of issuance.” On March 11, 2015, the decision was mailed to the parties by certified mail. On March 19, 2015, the Assessor filed an appeal of the Commission’s decision in the district court. On April 10, 2015, Halliburton answered the Assessor’s appeal and asserted a cross-claim for judicial review of the Commission’s decision. On the same date, Halliburton filed a separate petition for judicial review of the Commission’s decision that was assigned a different docket number. After a telephone |astatus conference, the cases were consolidated.
In response to Halliburton’s petition, the Assessor filed an exception of Us pen-dens based on his earlier-filed petition for judicial review, and an exception of prescription on the ground that Halliburton failed to file its petition for judicial review within 30 days after the Commission’s decision was entered. Bossier Parish Sheriff Julian Whittington, who was named in Halliburton’s petition, filed exceptions of prescription and lack of subject matter jurisdiction. Halliburton opposed the exceptions, which were submitted upon the briefs of the parties.
Subsequently, the district court issued a written “Opinion/Order” finding that the Commission's decision was entered on February 24, 2015, the date it was signed, and that Halliburton’s petition for judicial review was untimely because it was not filed within 30 days of entry of the Commission’s decision as required under LSA-R.S. 47:1998. Halliburton now appeals the judgment.
DISCUSSION
Halliburton contends the district court erred in granting the exception of prescription. Halliburton argues that the court incorrectly found that the appeal delay began to run on the date the Commission’s decision was signed by its members rather than the date the decision was mailed to the parties.
A taxpayer or representative of a tax-recipient body who is dissatisfied with the final determination of the Louisiana Tax Commission shall have the right to file suit in the district court within 30 days of the entry of any final decision of the Commission. LSA-R.S. 47:1998. Generally, when prescription is raised by exception, the district court’s findings of fact on the issue of prescription are subject to the manifest error standard of preview. However, when the sole issue before the court is the interpretation of the prescriptive statute, the case presents a question of law that is reviewed under a de novo standard of review. Correro v. Caldwell, 49,778 (La.App.2d Cir.6/3/15), 166 So.3d 442. Statutes providing for prescriptive periods are to be strictly construed in favor of maintaining a cause of action. Correro, supra.
The term “entry” in Section 1998 has been defined as the ministerial act of recording a final decision of a court or *387 agency in a matter. Entry may consist of reducing the decision to writing and distributing it to those concerned. EOP New Orleans, LLC v. Louisiana Tax Comm’n, 2001-1452 (La.App. 1st Cir.9/28/01), 809 So.2d 387.
In the present, case, the Commission’s decision was rendered on February 24, 2015, the date.it was signed by the Commission members. A true copy of the decision was entered in the Commission’s files as of March 11, 2015, and on that same date the Commission mailed the decision to the parties advising them of their appeal rights pursuant to Section 1998. As stated above, on April 10, 2015, Halliburton filed its petition for judicial review of the Commission’s decision.
In granting the exception of prescription, the district court primarily relied on Marshall v. Maynard, 2009-1132 (La.App. 4th Cir.3/24/10), 35 So.3d 1134, in which the Fourth Circuit found that the Commission’s decision was entered on the signing date, which began the appeal delay. Based upon Maynard, supra, the district court found that Halliburton’s petition was untimely because it was filed more than 30 days after the date that the Commission’s decision was signed.
However, we note that other courts have found that the 30-day appeal'| ¿period begins to run from the date on which the Commission’s decision is mailed, including EOP New Orleans, supra and a more recent Fourth Circuit decision, Williams v. Hotel Ambassador NOLA, LLC, 2016-0015 (La.App. 4th Cir.6/15/16), 195 So.3d 1225. Thus, depending on the facts of each case, the jurisprudence has interchangeably interpreted entry of the Commission’s decision as the date of signing or the date of mailing for the purpose of deciding whether an appeal was timely filed. These inconsistent determinations have likely resulted because Section 1998 does not provide a specific definition for the phrase “entry of any final decision,” creating uncertainty as to when the appeal period begins.
After considering the circumstances of this case, the court’s reasoning in the Hotel Ambassador case and the principles of due process, we conclude that the entry of the Commission’s decision for the purpose of instituting an appeal is the date of the mailing of the Commission’s written decision to the parties. A review of the language of the decision supports this conclusion. The Commission expressly states that its decision “shall be effective upon the date of issuance.” This language suggests that the date of issuance, that is, the date of mailing, is the date that the decision is entered into the Commission’s records. Additionally, the decision is stamped with a notation, stating “A True Copy of a Document in Our Files” on March 11, 2015. This action suggests that the Commission performed the ministerial act of entering the decision into its records on that date, the same date on which the Commission mailed the decision transmittal letter to Halliburton and the other parties.
We note that defining the entry of the decision as the date of mailing is consistent with other statutory authority, such as LSA-C.C.P. arts.' |K2087(A)(2) and 2123(A)(2), which provide that the time delays for appellate review begin with the mailing of notice. Further, we are guided by the principles of due process in reaching the conclusion that entry of a final decision can be no earlier than the date on which the written decision is mailed by the Commission to the affected parties. Otherwise, the time period for an appeal could lapse before the affected party is sent notice of the adverse decision.
*388 Based upon our review of this record and the applicable law, we conclude that the statutory time delay begins to run on the date the Commission’s decision is mailed. Thus, we find that Halliburton timely filed its petition for judicial review within 30 days of March 11, 2015, the date that the Commission mailed its final decision. Consequently, we hereby reverse the district court’s judgment granting the defendants’ exceptions of prescription.
CONCLUSION
For the foregoing reasons, the district court’s judgment is hereby reversed. This matter is remanded for further proceedings consistent with this opinion. Appeal costs in the amount of $649 are assessed to the appellees, Assessor of Bossier Parish and Sheriff of Bossier Parish, as provided by LSA-R.S. 13:5112.
REVERSED AND REMANDED.