KLEES, Judge.
Plaintiff, New Walnut Square Limited Partnership, owns an apartment complex which was assessed at $355,000 for 1992, a twenty-three percent increase over the 1991 assessment of $287,000. Plaintiff appealed to the Louisiana Tax Commission, which upheld the assessment. Plaintiff then petitioned the district court to overturn the decision of the tax commission. On October 23, 1992, following a hearing, the district court denied plaintiffs motion for summary judgment and affirmed the decision of the tax commission. This appeal followed.
A decision of the tax commission may be reversed or modified if it is, inter alia, (1) a violation of constitutional or statutory provisions; (2) arbitrary or capricious or characterized by abuse of discretion; or (3)' manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. La.R.S. 49:964(G). In the instant case, we agree with the district court that the commission’s decision does not meet any of these criteria for reversal.
The property in question is a 284 unit apartment complex in eastern New Orleans operated under Section 236 of the National Housing Act. Section 236 is a program under which the Department of Housing and Urban Development (“HUD”) subsidizes the interest payments on mortgage notes held by HUD, thereby allowing the makers of those notes to obtain extremely low rates of interest on their financing (in this case, one percent). In exchange for the interest subsidy, HUD regulates and restricts rental rates, operating expenditures and income distributions to the owners of Section 236 properties. There are no direct rent subsidies. The property in question has a 99% occupancy rate.
Under Louisiana law, property subject to ad valorem taxation is listed in the assessment roles at its assessed valuation, which is a percentage of its fair market value. La. Const, art. VII, section 18(A) (1974). Fair market value is to be determined by one or more of the following generally recognized appraisal procedures: the market approach, the cost approach, and or the income approach. La.R.S. 47:2323(C). Each of these methods is defined in general terms in the statute.
The assessor valued the property at $3,550,000, resulting in an assessment of $355,000. The computation of actual taxes owed is based upon this assessment. Although he did not specify which approach he used, the assessor’s report states that the valuation is based upon his review of comparable apartment complexes in the immediate area. The plaintiff contends that the assessment should be no more than the prior year’s assessment of $287,000.
The plaintiff taxpayer submitted an audited financial statement and income valuation worksheet for the calendar year 1990 showing that eighty percent of the effective gross income was absorbed by the operating expenses, leaving a net income of approximately $124,000. Cash distributions to the owner from this income are limited to $29,000 annually by HUD, however. The taxpayer also presented two discounted cash flow analyses in support of the income approach to valuation, which the taxpayer contends is the only appropriate method of valuation for this particular property. The taxpayer’s representative stated at the commission hearing that if the original assessment was upheld, the additional property taxes probably would be passed on to the tenants by means of a HUD-approved rent increase.
Jeffrey Crosby, an appraiser retained by the tax commission, submitted a detailed report which valued the property under each of the three statutory methods. The cost approach indicated a value of $6,263,270; the market approach indicated a value of $4,260,-000. Mr. Crosby testified, however, that the income approach was the one applicable to the assessment of an income-producing property such as this apartment complex. Under that approach, he valued the property at $3,700,000. This figure was reached by adding the assigned value of the low interest mortgage ($1,420,379) to the value of the *432 income stream ($2,345,919). Based on this evidence, the commission upheld the original assessment.
Essentially, plaintiff argues on appeal, as it did in the district court, that it was improper for the assessor to assign a separate value to the mortgage because such a value is not “income” as used in La.R.S. 47:2323 C(3), which provides:
In utilizing the income approach, the Assessor shall use an appraisal technique in which the anticipated net income is processed to indicate the capital amount of the investment which produces the net income.
Plaintiff has not produced any expert testimony to contradict Mr. Crosby’s testimony that the value of the low interest mortgage is a proper factor to consider when using the income approach. Instead, plaintiff relies on a recent decision of the First Circuit dealing with the market approach to valuation. In Erich Sternberg Realty v. Louisiana Tax Commission, 560 So.2d 868 (La.App. 1st Cir. 1990), writ denied, 567 So.2d 107 (1990), the assessor had valued the property by using the market approach. The statutory definition of the market approach provides that “the market value estimate is predicated upon prices in actual market transactions and current listings.” La.R.S. 47:2323 C(l). Although the assessor used the most current, most comparable sales available, the district court found the assessment unacceptable and ordered the assessor “to reappraise and reassess the Sternberg property under the criteria used in East Baton Rouge Parish, by starting with the purchase price of the property and scaling upward for inflationary factors.” Erich Sternberg, supra, 560 So.2d at 879 (quoting from the district court opinion). The First Circuit reversed, stating:
The trial court’s criterion is not the market approach, the cost approach or the income approach. None of these statutorily mandated criteria make reference to the taxpayer’s original purchase price or inflation. Id. (Footnote omitted).
Plaintiff mistakenly relies upon the Erich Sternberg decision as support for its position that the value of the mortgage may not be considered under the income approach in this case. We disagree with plaintiffs argument. In Erich Sternberg, the appellate court merely held that one of the three statutorily mandated methods of appraisal must be used, as opposed to some entirely different method. In the instant case, however, plaintiff has produced no authority to indicate that the value of the low interest mortgage is not a factor which may be considered in determining the “anticipated net income” or the “capital amount of the investment” of a Section 236 property. Certainly, the fact of lower mortgage payments decreases expenses and thereby increases the owner’s potential income from the investment. In addition, because the low interest mortgage is transferable, it may increase the resale value of the property. The tax commission’s appraiser testified that the value of the mortgage was a proper consideration under the income approach. In the absence of a counter appraisal supporting the plaintiffs argument, we cannot say that the tax commission erred in upholding the original assessment.
Plaintiffs alternative argument, that the value of the mortgage should not be included without also considering the fact that there is a rent ceiling, has no merit because the amount of the rents is already considered in the income formula. We also do not find it relevant that there is a limit on the distributions from income, because the income produced is what is measured. Finally, we decline to hold, as plaintiff seems to suggest we should, that the assessment is improper merely because the value of the mortgage was not considered in prior years. As long as all taxpayers are treated the same and the statutory criteria are followed, there is nothing inherently objectionable in a change in the way the assessed value is calculated from year to year, especially if the new calculation more closely reflects fair market value of the property.
Accordingly, we conclude that the judgment of the district court upholding the tax commission’s decision was proper, and we therefore affirm.

AFFIRMED.