Judge Regina Bartholomew-Woods
|! Plaintiff-Appellant, Erroll G. Williams, Assessor for the Parish of Orleans (“Assessor Williams” or “the Assessor”), appeals the judgment of the Orleans Parish Civil District Court dated July 11, 2016, in favor of Defendants-Appellants, Opportunity Homes Limited Partnerships (“Opportunity Homes”) and the Louisiana Tax Commission (the “LTC” or “the Commission”). Assessor Williams asserts four (4) assignments of error relative to two decisions rendered by the Tax Commission on August 5, 2015, determining the fair market value for certain affordable housing rental properties for the 2014 and 2015 tax years for purposes of ad valorem taxation. For the reasons that follow, we reverse the judgment of the district court and reinstate the fair market valuations as determined by Assessor Williams.
FACTUAL AND PROCEDURAL BACKGROUND
Opportunity Homes describes itself as a “scattered-site, low income affordable *190 housing development.” It consists of thirty-two (32) single- and double-unit residential buildings. The separate properties are connected by way of a Tax Credit Regulatory Agreement (“TCRA”). Opportunity Homes notes the TCRA prohibits separation and sale of the various properties, and restricts the chargeable |2rents to “no more than sixty percent (60%) of the Area Median Income (“AMI”)” for an extended period of time, but the rates are even lower for some buildings.
Pursuant to the powers and authority delegated to him by La. R.S. 47:1903, La. R.S. 47:1957, and La. R.S. 47:2323, Assessor Williams determined the fair market value (“FMV”) of Opportunity Homes’ scattered-site properties using what is known as the “market approach,” In using this particular approach, Assessor Williams determined the FMV of Opportunity Homes’ properties to be $4,200,900 and $4,083,610 for tax years 2014 and 2015, respectively.
Pursuant to its authority under La. Const, art. VII, § 18, the Commission reviewed the “correctness” of Assessor Williams’ assessment. At a January 13, 2015 hearing, counsel for Opportunity Homes noted that in 2013, the same properties were valued at $1,525,000, and assessed accordingly. The Commission relied on assessments by Randy Harrington, its own staff appraiser, who used what is known . as the “income approach” and reached FMVs of $1,525,000 for both tax years 2014 and 2015, which assessments specifically excluded the value of “Low Income Housing Tax Credits” (“LIHTCs”) received by the taxpayer for encumbering the properties with below-market-value rents. Counsel for Opportunity Homes noted that pursuant to adopted and promulgated regulations, the income approach is the “recommended” approach for determining the FMV of “affordable rental housing.” Based on the foregoing, the Commission moved to accept the staff recommendations as to each tax year.
As a result of the Commission’s actions, on September 2, 2015, Assessor Williams commenced suit in the district court pursuant’to La. R.S. 47:1998, La. R.S. 47:1989 and La. R.S. 49:964. The district court affirmed the Commission’s decision, finding that the Commission’s decision “was not in violation of any ^constitutional or statutory provisions, was not in excess of its statutory authority, was not made upon unlawful procedure, or affected by other error of law, was not arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.” The district court further noted the decision “was clearly supported by the testimony and preponderance of the evidence before it, where [the Commission] had the opportunity to judge the credibility of witnesses by first-hand observation.”
STANDARD OF REVIEW
We review the decision of the Commission pursuant to La. Const, art. VII, . section 18(E) and La. R.S. 47:1998(A)(1). Judicial review of an agency’s adjudication is governed by La. R.S. 49:964(G), which provides as follows:
The court may affirm .the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because ,the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
*191 (5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
Furthermore, this Court’s review of the district court’s judgment is governed as follows:
14[T]he appellate court reviews the district court’s findings under the manifest error or clearly wrong standard of review. Bibbins v. City of New Orleans, 02-1510, p. 12, [ (La.App. 4 Cir. 5/21/03),] 848 So.2d [686, ]at 695. If the district court’s findings are reasonable in light of the entire record, then the appellate court may not reverse even though if sitting as the trier of fact, it would have weighed the evidence differently. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). Where there are two permissible views of the evidence, then the factfinder’s choice' between them cannot be manifestly erroneous or clearly wrong. Id.
While the district court’s factual findings are subject to manifest error review, the appellate court gives no special weight to the district court’s findings on questions of law, but exercises its constitutional duty to review questions of law de novo and render judgment on the record. Winston v. Millaud, 05-0338, p. 5 (La.App. 4 Cir. 4/12/06), 930 So.2d 144, 150. Appellate review of questions of law is simply a determination of whether the trial court was legally correct or legally incorrect in its application of the law. Richard v. Richard, 14-1365, p. 3 (La. App. 4 Cir. 6/3/15), 171 So.3d 1097, 1100, quoting Harruff v. King, 13-940, p. 4 (La.App. 3 Cir. 5/14/14), 139 So.3d 1062, 1066, writ denied, 14-1685 (La. 11/7/14), 152 So.3d 176. “A legal error occurs when a trial court applies the incorrect principles of law and such errors are prejudicial.” Banks v. New Orleans Police Dept., 01-0859, 01-1302, p. 3 (La. App. 4 Cir. 09/25/02), 829 So.2d 511, 514.
Williams v. Par. of St. Bernard, 15-1105, pp. 8-9 (La.App. 4 Cir. 12/2/16), 206 So.3d 259, 266, writ denied, 2016-2280 (La. 2/3/17).
We find that the LTC’s decision was in violation of statutory provisions, in excess of its authority, and based upon unlawful procedures. Thus, the district court’s decision upholding the decision of the LTC was legally incorrect. Accordingly, as explained further, we reverse and reinstate the FMVs as determined by the Assessor.
ASSIGNMENTS OF ERROR NUMBERS THREE AND FOUR
Assessor Williams’ third and fourth assignments of error both argue the district court erred in affirming the Commission’s decision requiring use of the income approach while also excluding Low Income Housing Tax Credits^ (“LIHTCs”) in calculating FMV of affordable rental housing when using that approach. However, these two assignments of error have since been rendered moot by the Louisiana Supreme Court’s denial of writs as to this Court’s ruling in Williams v. The Muses, Ltd. 1, *192 16-0250, p. 31 (La.App. 4 Cir. 10/19/16), 203 So.3d 558, 577, writ denied, Williams v. The Muses, Ltd., 16-2034 (La. 1/13/17), 215 So.3d 254, 2017 WL 375700, in which we “affirm[ed] the trial court’s finding that the LTC did not err in determining the LIHTC is not income and that the Assessor could not include the LIHTC in assessing the Complex using the income approach.”[1] Accordingly, we do not address these assignments of error.
ASSIGNMENT OF ERROR NUMBER ONE
Assessor Williams argues the district court erred in affirming the Commission’s decision that the Louisiana Administrative Code “requires” the use of the income approach. Louisiana Revised Statute 47:2323(C) provides that the “fair market value of real and personal property shall be determined by the following generally recognized appraisal procedures: the market approach, the cost approach, and/or the income approach.” The Assessor suggests that the regulation relied upon by the Commission and used by the district court to affirm the Commission’s decision merely “recommends” the use of the income approach in assessing affordable rental housing:
In assessing affordable rental housing, the income approach is recommended. As defined in this Section, affordable rental housing means residential housing consisting of one or more rental units, the construction and/or rental of which is subject to Section 42 of the Internal Revenue Code (26 USC 42), the Home Investment Partnership Program under the Cranston-Gonzalez National Affordable Housing Act (42 USC 12741 et seq.), the Federal Home Loan Banks Affordable Housing Program established pursuant to the ^Financial Institutions Reform, Recovery and Enforcement Act (FIRREA) of 1989 (Public Law 101-73), or any other federal, state or similar program intended to provide affordable housing to persons of low or moderate income and the occupancy and maximum rental rates of such housing are restricted based on the income of the persons occupying such housing.
La. Admin. C. title 61, pt. V, section 303(C) (hereinafter “Rule 303(C)) (emphasis added). Accordingly, the Assessor submits that he may, within his discretion, use any of the three (3) statutorily-authorized assessment approaches, and that a regulation requiring the use of the income approach would conflict with the statute itself. The Assessor further asserts that even if the regulation mandated use of the income approach, it would conflict with the applicable statute. In that regard, the Assessor relies on this Court’s reasoning in Marshall v. Maynard, 09-1132, pp. 3-4 (La.App. 4 Cir. 3/24/10), 35 So.3d 1134, 1137, which provided:
Appellant’s argument that the Administrative Code takes precedence over the Louisiana Revised Statutes must fail, as the Louisiana Supreme Court has held that “an administrative construction cannot be given effect where it is contrary to or inconsistent with legislative intent.” Jurisich v. Jenkins, 1999-0076, p. 8 (La. 10/19/99), 749 So.2d 597, 602. Likewise, “[a]n administrative construction cannot have weight where it is contrary to or inconsistent with the statute.” Jurisich v. Jenkins, 1999-0076, p. 8, 749 So.2d at 602 (quoting Traigle v. PPG Indus., Inc., 332 So.2d 777, 782 (La.1976)). Specifically, “the tax commission cannot adopt rules in contravention of state statutes.” EOP New Orleans, *193 L.L.C. v. Louisiana Tax Commission, 2001-1452, p. 8 (La.App. 1 Cir. 9/28/01), 809 So.2d 387, 392.
In response, Opportunity Homes suggests the Assessor must “present credible evidence and testimony that the use of the market (“sales comparison”) approach arrives at the [FMV] of Opportunity Homes.” Opportunity Homes notes the properties in question are rent-restricted, encumbered, interconnected affordable housing properties. However, the Assessor “used sales and averages of market rate, unencumbered” properties in reaching his assessment. Opportunity 17Homes suggests there are no “comparable” properties to which the Assessor could even make a comparison, rendering use of the market approach inappropriate under the circumstances.
Opportunity Homes also argues that the Assessor may not ignore “consistently applied, properly promulgated rules and their reasonable interpretations” by the LTC, his “superior supervisory and reviewing agency.” It points to the disjunctive nature of La. R.S. 47:2323(0, suggesting that use of the income approach alone is permitted, and that the Assessor, by virtue of subsection (B) of the same statute, is required to follow the guidelines, procedures, and rules and regulation of the Commission.[2] In support, Opportunity Homes relies upon the following holding of Telecable Assocs., Inc. v. Louisiana Tax Comm’n, 94-0499 (La.App. 1 Cir. 11/9/95), 694 So.2d 279, 283:
The LTC has determined that the best method for determining fair market value of the personal business and industrial property used in general business activity is the cost approach. The Commission has also established that cable systems fall within the category of business activity and type of equipment which is best assessed by the cost approach. Assessors Farley and Wooden were required to follow the guidelines established by the LTC. La.R.S. 47:2323(B). They did not. Moreover, statewide uniformity, as required by statute and the constitution, is impossible when an arbitrary formula for calculating fair market value is employed in only two parishes in the state. The assessments and resulting ad valorem taxes were improper. The ruling of the LTC, upholding the assessments, must be reversed. The district court was correct in doing so.
Opportunity Homes suggests the instant matter is similar, in that the LTC has determined the “best method” for determining the FMV of the property in 18question, and that the Assessor was required to use that approach. Opportunity Homes submits the Assessors’ use of incomparable properties is “unique,” much like combining the approaches and weighing them as the assessor did in Telecable.
Opportunity Homes further relies on the Commission’s December 4, 2012, decision in In re: St. Bernard I, LLC, in which the Commission observed that the income approach “was the most appropriate, and therefore the recommended, methodology to use to reflect the [FMV] of affordable housing developments.” It noted that the promulgation and adoption of Rule 303(C) involved “extensive research into the field of ad valorem taxation ... of affordable housing developments” and included “sub-
*194 stantial input from both assessors and representatives of the affordable housing industry.” This Court discussed St. Bernard I in The Muses. However, The Muses case concerned 263 housing units contained in two buildings. Unlike in the present case, the parties in The Muses were in agreement regarding the Assessor’s use of the income approach to assess those properties,'but disputed whether the Assessor could include the value of LIHTCs in his assessment. Thus, this Court did not address the appropriateness of the. Assessor’s use of the income approach under the specific facts of that case. Instead, this Court only addressed whether the Commission’s decision to exclude LIHTCs was permissible when using the income approach.
The Commission briefly responded to this assignment of error, also suggesting the Assessor used incomparable properties. It further suggested the Assessor is being disingenuous, citing the Assessor’s use of the income approach to assess the affordable housing development in The Muses, yet his use of the market approach here. The Commission argues such an approach results in non-huniform assessments in violation of the Louisiana Constitution and La. R.S. 47:2323.
We begin our analysis with a plain, reading of the statute in question, La. R.S. 47:2323(C), which analysis is guided by well-established, jurisprudence: .
When the law is clear and unambiguous and its application does not result in absurd consequences, it shall be applied as written and no interpretation may be made in search of the legislature’s intent. La. C.C. art. 9; Daigrepont v. Louisiana State Racing Commission, 95-0539 (La.App. 4 Cir. 10/26/95), 663 So.2d 840, writ denied, 95-2828 (La. 2/2/96), 666 So.2d 1085. When a statute is clear the court must give credence to the
mandate expressed by the legislature and cannot resort to construing a statute based on the spirit of the law as opposed to the plain wording of the law. Longman v. Allstate Insurance Company, 93-0352 (La.App. 4 Cir. 3/29/94), 635 So.2d 343. A statute shall be construed to give meaning to the plain language of the statute. State, Department of Transportation and Development v. Walker, 95-0185 (La. 6/30/95), 658 So.2d 190.
Vogt v. Bd. of Levee Comm’rs of Orleans Levee Dist., 95-1187, pp. 9-10 (La.App. 4 Cir. 9/4/96), 680 So.2d 149, 155. Further,
The interpretation of a statute ... is a question of law. Thus, this Court is to determine, through a de novo review, whether the trial court’s ruling was legally correct or incorrect. Delacroix Corp. v. Perez, 1998-2447, p. 4 (La.App. 4 Cir. 11/8/00), 794 So.2d 862, 865. Where the trial court’s decision is based on an erroneous interpretation or application of law, rather than a valid exercise of discretion, such an incorrect decision is not entitled to deference, by the reviewing court.
Hand v. City of New Orleans, 04-0845, p. 5 (La.App. 4 Cir. 12/22/04), 892 So.2d 609, 612. Thus, we need not give any special weight to the district court’s findings in this regard.
A plain reading of the statute supports- the Assessor’s position that he may use any of the three (3) generally-accepted methodologies in ..assessing affordable housing. The statute simply applies to the valuation of “real and personal property” without distinction between any subcategory of the real or personal property in Imquestion. The statute describes how each approach is to be utilized, but not under what circumstances or to what type of property each should apply.
*195 The same reasoning applies to the Commission’s regulation that “recommends” use of the income approach in assessing affordable rental housing. There is no ambiguity to either the statute or the regulation which would suggest that the Assessor’s use of the market approach was improper; indeed, the statute authorizes its use, and the regulation does not prohibit it. Thus, while Opportunity Homes suggests that a “reasonable interpretation” of “recommends” means “requires” as used in the regulation, the .language “shall be applied as written and no interpretation may be made in search of’ some other intent when the language is unambiguous on its face.
While Opportunity Homes suggests that the Assessor may use the market approach only after he presents “credible evidence and testimony” that the use of the market approach arrives at FMV, there is nothing to suggest his approach here has not arrived at FMV. His use of a different-approach in this case from that employed in The Muses is also not necessarily an indication that FMV has not been properly determined. Indeed, this Court, in New Walnut Square Ltd. P’ship v. Louisiana Tax Comm’n, 626 So.2d 430, 432 (La.App. 4 Cir. 1993), held:
As long as all. taxpayers are treated the same and the statutory criteria are followed, there is nothing inherently objectionable in a change in the way the assessed value is calculated from year to year, especially if the new calculation more closely reflects fair market value of the property.
We would note here, again, that The Muses is distinguishable in that the parties agreed on the use of the income approach, including the Assessor himself, based on the fact that all 263 units were encompassed in two apartment buildings. There is no indication, or argument for that matter, that the Assessor failed to follow the [^statutory criteria of the market approach here, which requires the Assessor to “use an appraisal technique in which the market value estimate is- predicated upon prices paid in actual market transactions and current listings.” Instead, Opportunity Homes and the Commission suggest the very nature of the units as “affordable rental housing” controls. The Assessor, on the other hand, notes he has always used the market approach for single- and double-unit residential houses like those assessed here, and the income approach for apartment complexes of ten or more units. Thus, it cannot be , said that the Assessor switched from one method to another, as the Assessor relies on the type or nature of the housing — a single or double unit versus an apartment complex — in determining his approach, rather than its designation as affordable rental housing or not.
For similar reasons, we are also convinced by the Assessor’s argument as to uniformity. While Opportunity Homes and the Commission suggest there will be a lack thereof if the market approach is employed here, the Assessor makes a compelling argument that uniformity is maintained by assessing all apartment complexes using one approach (the income approach), and all single- or double-unit residential homes using another approach (the market approach). By focusing on the characterization of the housing as affordable or not — the approach suggested by Opportunity Homes and the Commission — would .result in different FMVs for single- or double-unit homes based on their designation as “affordable” or ,not. Further, such a classification would lead to similarly situated properties being taxed differently and would undermine uniformity.
We also find Opportunity Homes’ reliance on Telecable misplaced. Telecable is *196 distinguishable in that the assessor in question devised an entirely different method for determining FMV of Teleca-ble’s personal property from that | ^prescribed by statute. The assessor in that case incorporated all three (3) approaches to valuation, “then weighted the three approaches according to what he deemed the strengths and weaknesses of each approach.” Id. at 282. The court noted that “statewide uniformity ... is impossible when an arbitrary formula for calculating [FMV] is employed[,]” noting that only two parishes employed the method described. Id. at 284. Conversely, here, Assessor Williams simply used one of the approaches permitted by La. R.S. 47:2323(0). The Assessor submits that Telecable supports his position, as the Commission has adopted its own “unique” method for assessing affordable rental housing despite his use of the market approach to assess residential housing generally.
We do not agree with the assertion that Opportunity Homes’ properties, which consist of sixty-two (62) interconnected units scattered over thirty-two (32) sites, place them in a distinct position thereby mandating the use of the income approach. Assessor Williams chose the approach that he consistently uses with single- and double-unit housing. Therefore, we find that when the district court affirmed the Commission’s decision, it committed legal error.
ASSIGNMENT OF ERROR NUMBER TWO
In a separate, yet related assignment of error, the Assessor asserts that the Commission failed to properly promulgate a rule “requiring” the Assessor to use the income approach for all assessments of affordable rental housing; alternatively even if the Commission did, in fact, promulgate such a rule, it violates La. R.S. 47:2323(A), which provides:
The criteria for determining fair market value shall apply uniformly throughout the state. Uniform guidelines, procedures and rules and regulations as are necessary to implement said criteria shall be adopted by the Louisiana Tax Commission only after public hearings held pursuant to the Administrative Procedure Act.
| isThe Assessor points to the Administrative Procedure Act, in particular, La. R.S. 49:953, which requires notice of the Commission’s intent to adopt, amend, or repeal a regulation, as well as an opportunity for interested parties to respond. Instead of properly adopting a rule, in accordance with the Administrative Procedure Act, the Assessor argues that the Commission instead relied on a prior ruling mandating use of the income approach for affordable housing properties. This, he argues, is insufficient according to the requirements of La. R.S. 47:2323(A) and thus, constitutes an unauthorized promulgation of a regulation, which requires published notice of the Commission’s intent to take action and an opportunity for interested parties to respond.
We agree and find that the Commission’s current purported mandate is nothing more than a recommendation. In support of its position, the Commission, in its brief, noted this Court’s “favorable treatment of St. Bernard I decision.” However, we note again that St. Bernard I is distinguishable. Further, the Commission is an administrative agency and its decisions are merely an administrative adjudication without any precedential value. The Commission is misguided in its argument that this Court should follow its administrative adjudicative decision; its decisions are neither binding nor persuasive on this Court. Louisiana Revised Statute 47:2323 leaves *197 the choice of which approach the Assessor may use to determine FMV with the Assessor. Anything contrary thereto violates the clear mandate of the statute.
^Jj^DECREE
For the foregoing reasons, we reverse the judgment of the district court and reinstate Assessor Williams’s 2014 and 2015 fair market values for the properties of Opportunity Homes.
REVERSED

. Furthermore, the State legislature enacted La. R.S. 47:2323(E)(1), effective as of January 1, 2017, prohibiting the use of LIHTCs in valuing affordable housing property.

. Louisiana Revised Statute 47:2323(B) reads:
Each assessor shall follow the uniform guidelines, procedures, and rules and regulations in determining the fair market value of all property subject to taxation within his respective parish or district. Any manual or manuals used by an assessor shall be subject to approval by the Louisiana Tax Commission or its successor agency.